## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**TARA JACKSON,**                                                    CASE NO. 3:21 CV 2393

    Plaintiff,

    v.                                                              JUDGE JAMES R. KNEPP II

**ARKA EXPRESS, INC., et al.,**
                                                                     **MEMORANDUM OPINION AND**
    Defendants.                                                  **ORDER**


### INTRODUCTION

This case involves a motor vehicle accident between Defendant Salbadi Roman (driving for Defendants Arka Express, Inc., Spider Logistics, and/or BJT Express, Inc.) and the car in which Plaintiff Tara Jackson was a passenger. *See* Doc. 1-1. Currently pending before the Court is Defendants' Motion for Partial Judgment on the Pleadings (Doc. 13), to which Plaintiff has not responded, and the time in which to do so has expired. *See* Local Civ. R. 7.1(d) (providing 30 days to respond to a case-dispositive motion). Jurisdiction is proper under 28 U.S.C. § 1332. For the following reasons, the Court grants Defendants' motion.

### BACKGROUND

In her Complaint, Plaintiff asserts that on December 3, 2019 at approximately 2:40 P.M., she was the passenger in a vehicle stopped in traffic on the 1600 block of East Fourth Street in Lima, Ohio. (Doc. 1-1, at ¶ 1). Defendant Roman, who was operating a semi-truck and trailer in the course of his employment, "negligently backed into the front of the vehicle the Plaintiff was a front seat passenger in." *Id.*

Count One of Plaintiff's Complaint asserts negligence against Arka Express, BJT Express, Spider Logistics and Roman.[1] *See* Doc. 1, at 2-5. It asserts Arka Express, BJT Express, and Spider Logistics are vicariously liable for Roman's actions and that they negligently hired and/or retained, and/or supervised, and/or trained Roman. *Id.* at ¶¶ 5, 13, 22. It further asserts Arka Express, BJT Express, and Spider Logistics negligently entrusted the vehicle to Roman, who was an "inexperienced and incompetent driver." *Id.* at ¶¶ 2, 10, 19. The Complaint further asserts all Defendants negligently inspected, maintained, and/or repaired the semi-truck to be safe and roadworthy. *Id.* at ¶¶ 7-8, 15-16, 24-25. Count One brings a claim for negligence *per se* against Arka Express, BJT Express , and Spider based on "violations of Federal Motor Vehicle Carrier Regulations." *Id.* at ¶¶ 6, 14, 23. Finally, the Complaint asserts each Defendant's actions were undertaken with "actual malice in a wanton, and reckless manner evidencing a conscious disregard for the rights and safety of other persons and having a great probability of substantial harm." *Id.* at ¶¶ 9, 17, 18, 26, 27. As a result, Plaintiff asserts she suffered severe and permanent injuries, pain and suffering, medical expenses, lost wages, and property damage. *Id.* at ¶ 28.

Defendant answered the Complaint (Doc. 11) and then filed the pending motion for partial judgment on the pleadings (Doc. 13).

## STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 470 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as

---

1. Plaintiff's Complaint also asserts other claims that are not relevant to the instant motion.

true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss)

### DISCUSSION

Defendants move for judgment on the pleadings as to Plaintiff's claims based on negligence *per se*, and for punitive damages. (Doc. 11). They assert Plaintiff has only recited the elements of a punitive damages claim, but has not pled any facts in support, and has failed to state a claim for negligence *per se*. (Doc. 8). For the following reasons, the Court grants Defendants' motion.

<u>Punitive Damages</u>

Punitive damages are available on tort claims under Ohio law only when "the actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." Ohio Rev. Code § 2315.21(C)(1). "Actual malice", for these purposes, is "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St. 3d 334, 336 (1987). The actions of a defendant must rise above mere negligence to be considered actual malice. *Id.* at 335. "The focus is on the actor's conscious disregard of an almost certain risk of substantial harm. This distinguishes 'malicious' from 'non-malicious' conduct." *Kuebler v. Gemini Transp.*, 2013 WL 6410608, at *5 (S.D. Ohio). Because punitive damages are assessed as punishment and not for purposes of compensation, it is

3

necessary that defendants' conduct was "conscious, deliberate or intentional" and that defendants "possess[ed] knowledge of the harm that might be caused by [their] behavior." *Preston*, 32 Ohio St. 3d at 335.

In the motor vehicle accident context, such actions that may be sufficient to award punitive damages "may include intoxication and deliberate actions to flee the scene or evade responsibility." *MacNeill v. Wyatt*, 917 F. Supp. 2d 726, 730 (S.D. Ohio 2013) (citing *Cabe v. Lunich*, 640 N.E.2d 159, 163 (Ohio 1994); *Cappara v. Schibley,* 709 N.E.2d 117, 120 (Ohio 1999); *Estate of Beavers v. Knapp*, 175 Ohio App. 3d 758, 773-74 (Ohio Ct. App. 2008)); *see also Parker v. Miller*, 2017 WL 3642372, at *2 (S.D. Ohio) (allegations defendant failed to stop before hitting a vehicle, despite having sufficient time and adequate visibility to do so, sufficient to state a claim for actual malice); *Lyons v. Estes Express Lines, Inc.*, 2015 WL 3796384, at *2 (N.D. Ohio) (allegations of distracted driving alone do not support actual malice but failing to avoid an accident after numerous warnings may amount to actual malice).

"Courts have clearly held that a claim for punitive damages cannot survive if a plaintiff only requests such damages in a prayer for relief without supporting the pleading with factual content that, if proven, would warrant punitive damages." *Reber v. Lab Corp. of Am.*, 2015 WL 7076608, at*5 (S.D. Ohio) (citing *Flex Homes, Inc. v. Ritz-Craft Corp. of Mich., Inc.*, 721 F. Supp. 2d 663, 675-76 (N.D. Ohio 2010)); *see also Bonner v. Reliable Transp. Specialists, Inc.*, 2018 WL 4586924, at *2 (N.D. Ohio) (plaintiff had not "offered any allegations concerning [defendant's] mindset at the time of the accident" and stating defendant acted with "conscious disregard" was simply a legal conclusion, and "[l]egal conclusions 'masquerading' as factual allegations are not sufficient.") (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff's Complaint merely repeats the legal standard for a punitive damages claim, but does not plead facts that, if proven, would support such a claim. *See* Doc. 1-1, at ¶¶ 9, 17, 18, 26, 27. As such, the Court grants Defendant's motion for judgment on Plaintiff's claim for punitive damages.

<u>Negligence *Per Se*</u>

Defendants also contend they are entitled to judgment on Plaintiff's claims for negligence *per se*. In the first claim for relief, Plaintiff asserts Defendants were negligent *per se*:

> "for violations of the Federal Motor Vehicle Carrier Regulations, including, but not limited to: failing to follow the regulations by its hiring of an incompetent driver; by its retention of an incompetent driver; by its failure to supervise its driver; by its failure to properly train its driver; and by failure to inspect, maintain and repair their tractor and/or trailer equipment to be safe and roadworthy.

(Doc. 1-1, at ¶¶ 6, 14, 23).

As Defendants point out, the Ohio Supreme Court has held that "the violation of an administrative rule does not constitute negligence *per se*." *Chambers v. St. Mary's School*, 82 Ohio St. 3d 563, 568 (1998). "[H]owever, such a violation of an administrative rule may be admissible as evidence of negligence." *Id.*

"In *Chambers*, the Court recognized that allowing violation of administrative rules to constitute negligence *per se* would 'in effect bestow upon administrative agencies the ability to propose and adopt rules which alter the proof requirements between litigants. Altering proof requirements is a public policy determination more properly determined by the General Assembly.'" *Ok Yeon Yoon v. K-Ltd. Carrier, Ltd.*, 2020 WL 1031486, at *7 (N.D. Ohio) (quoting *Chambers*, 82 Ohio St. 3d at 568)).

Relying on *Chambers*, federal courts applying Ohio law have found violations of federal regulations, including Federal Motor Carrier Safety Regulations, cannot serve as a separate claim

for negligence *per se*. *See Ok Yeon Yoon*, 2020 WL 1031486, at *7 (finding violations of Federal Motor Carrier Safety Regulations could not support a finding of negligence *per se*); *Gruenbaum v. Werner Enters.*, 2011 WL 563912, at *4 (S.D. Ohio) ("While the Federal Motor Carrier Safety Regulations do not establish a heightened standard of care in Ohio, evidence of a violation of the Safety Regulations may be considered by the trier of fact as evidence of negligence."); *Earley v. United Airlines*, 2006 WL 2794971 (S.D. Ohio) ("the violation of a Federal Aviation Administrative regulation, which is an administrative rule, is only evidence of negligence"). Ohio courts have held similarly. *See Sheldon v. Kettering Health Network*, 2015-Ohio-3268, ¶ 30 (Ohio Ct. App.) ("under Ohio case law the HIPAA administrative rules that appellants argue are applicable cannot be the basis of a negligence per se theory of recovery") (Ohio Ct. App.); *Lang v. Beachwood Pointe Care Ctr.*, 2017-Ohio-1550, ¶ 74 (Ohio Ct. App.) ("Violations of governmental regulations may not be used to establish negligence *per se*[.]").

Defendants are thus entitled to judgment on Plaintiff's negligence *per se* claims. Evidence of such violations may, however, be considered by the trier of fact as evidence of negligence. *Gruenbaum*, 2011 WL 563912, at *4; *see also Chambers*, 82 Ohio St. 3d at 568.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion for Judgment on the Pleadings as to Plaintiff's punitive damages and negligence *per se* claims be, and the same hereby is, GRANTED.


 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE